[Cite as *In re Dunn*, 2010-Ohio-6707.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: LISA J. DUNN

LISA J. DUNN

      Applicant

Case No. V2008-30961

Judge Clark B. Weaver Sr.

<u>DECISION</u>

---

{1}This matter came on to be considered upon the Attorney General's appeal from the December 11, 2009 order issued by the panel of commissioners. The panel's determination reversed the final decision of the Attorney General, which denied applicant's claim for medical expense based upon the finding that applicant unreasonably failed to avail herself to a readily available collateral source.

{2}R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The Attorney General bears the burden of proof by a preponderance of the evidence with respect to the exclusionary criteria of R.C. 2743.60. *In re Williams*, V77-0739jud (3-26-79). The panel found, upon review of the evidence, that the Attorney General failed to present sufficient evidence to meet his burden.

{3}The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides in pertinent part: "If upon hearing and consideration of the record and evidence, the judge decides that the decision of the panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate

the decision or modify it and enter judgment on the claim.   The decision of the judge of the court of claims is final."

{4}The panel determined that the sole issue presented in this case is whether applicant unreasonably failed to avail herself to a readily available collateral source which could have paid her prescription and medical expense.  The Attorney General argues that applicant unreasonably failed to use Medicaid benefits as a collateral source.

{5}R.C. 2743.60(D) states, in pertinent part:

"The attorney general, a panel of commissioners, or a judge of the court of claims shall reduce an award of reparations or deny a claim for an award of reparations that is otherwise payable to a claimant to the extent that the economic loss upon which the claim is based is recouped from other persons, including collateral sources."

{6}R.C. 2743.60(H) states:

"If a claimant unreasonably fails to present a claim timely to a source of benefits or advantages that would have been a collateral source and that would have reimbursed the claimant for all or a portion of a particular expense, the attorney general, a panel of commissioners, or a judge of the court of claims may reduce an award of reparations or deny a claim for an award of reparations to the extent that it is reasonable to do so."

{7}The evidence before the panel established that applicant had applied for Medicaid coverage and that the Ohio Department of Job and Family Services notified her that her coverage had been "backdated" to include a period of time during which she had previously been ineligible for medical assistance.   However, applicant contends that she did not receive timely notice of her backdated coverage.

{8}The evidence in the claim file shows that applicant was a victim of a horrific assault which caused serious physical trauma and that she was subsequently diagnosed with "Major Depressive Disorder" as a result of the criminally injurious

conduct. The panel found that "applicant's psychological problems made her a less than ideal candidate to handle a variety of medical providers and the management of Medicaid and [the Hospital Care Assurance Program]." The panel concluded that based upon applicant's psychological condition and "the confusing nature of the evidence" concerning her medical expense, the Attorney General had not satisfied the burden of proving that applicant unreasonably failed to utilize a collateral source.

{9}The court notes that the Attorney General has acknowledged that a portion of applicant's medical expense was paid by Medicaid. The court finds that the evidence in the claim file supports applicant's assertion that she had attempted to inform providers of her coverage. The court further finds that there is sufficient evidence to support both the panel's findings of fact regarding applicant's psychological condition and the panel's conclusion that the Attorney General did not establish by a preponderance of the evidence that applicant unreasonably failed to avail herself to a readily available collateral source.

{10}Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that applicant had shown by a preponderance of the evidence that she was entitled to an award of reparations.

{11}Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful.

 

 

_____
CLARK B. WEAVER SR.
Judge



Court of Claims of Ohio

# Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: LISA J. DUNN

LISA J. DUNN

      Applicant


Case No. V2008-30961

Judge Clark B. Weaver Sr.

<u>ORDER</u>

---

Upon review of the evidence, the court finds the order of the panel of commissioners must be affirmed and the Attorney General's appeal must be denied.

IT IS HEREBY ORDERED THAT:

{12}1)   The order of December 11, 2009, (Jr. Vol. 2274, Pages 66-71) is approved, affirmed and adopted;

{13}2)   This claim is REMANDED to the Attorney General for calculation of economic loss and payment;

{14}3)   Costs assumed by the reparations fund.


                            CLARK B. WEAVER SR.
                            Judge

AMR/cmd

    A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Montgomery County Prosecuting Attorney and to:

Filed 4-15-10
Jr. Vol. 2275, Pg. 61
Sent to S.C. Reporter 9-21-11